**Abatement Order filed November 14, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00954-CV
_____

### DONALD R. CAIN, Appellant

### V.

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee

---

**On Appeal from the Co Civil Ct at Law No 1**
**Harris County, Texas**
**Trial Court Cause No. 1014844**

---

### ABATEMENT ORDER

This is an appeal from a judgment signed September 19, 2012. It appears that the judgment is not final. Specifically, the judgment does not adjudicate appellee's counterclaims.

The Supreme Court of Texas has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v.*

1

*Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2. Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the summary judgment is final and to permit the parties to obtain an order or orders disposing of appellee's counterclaims, if necessary. A supplemental clerk's record containing the trial court's clarifying order(s) shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. Additionally, the court will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing within one week of the date of this order, the court coordinator of the trial court shall set a hearing date and time (to be completed within the time frame set forth above) and notify the parties of such date and time.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

2